PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Shane Gaskin**            Case Number: **1:00CR00041**
1699 State Street
Cincinnati, Ohio 45204

Name of Sentencing Judicial Officer: **The Honorable Susan J. Dlott, United States District Judge**

Date of Original Sentence: **October 25, 2000**

Original Offense: **Theft of Firearms From a Federal Licensee, a violation of 18 U. S. C. §§§ 922 (u), 924(a)(1)(D), and 2.**

Original Sentence: **30 month(s) prison, 36 month(s) supervised release.**
**Special Conditions Ordered:**
1. **Participate in substance abuse treatment.**
2. **Pay $100 special assessment.**
3. **Pay restitution in the amount of $44,147.70 jointly and severally to the co-defendants in this case.**

**07-07-05: Supervised release revoked. 18 months imprisonment to be followed by a one year term of supervised release.**

Type of Supervision: **Term of Supervised Release**      Date Supervision Commenced: **July 26, 2007**

Assistant U.S. Attorney: **Anthony Springer, Esq.**     Defense Attorney: **Richard Smith-Monahan, Esq.**

## PETITIONING THE COURT

[ ]    To issue a warrant
[X]    To issue an Order to Appear and Show Cause as to why his supervised release should not be revoked and toll his supervised release time as the offender has an expiration date of July 25, 2008.
[ ]    To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Gaskins has allegedly violated the mandatory condition of supervised release which states, 'The defendant shall not commit another federal, state, or local crime.' |
| | Mr. Gaskins was arrested by the Cincinnati, Ohio, Police Department on June 26, 2008, on the charges of Criminal Trespassing and Theft. The offender appeared in the Hamilton County Municipal Court on the above charges under Docket #'s: 08CRB22447 and 08CRB22448, respectively, and was released on his own recognizance on the Criminal Tresspassing charge and on $5,000-10% cash bond on the Theft charge. |

According to information received by the probation officer, Mr. Gaskins entered the premises of the Cincinnati Bulk Terminal located at 895 W. Mehring Way in spite of the fact that there were posted signs stating, 'No Tresspassing', hung across the entrance after business hours. Additionally, the offender obtained pig scrap iron without the consent of the owners of the Cincinnati Bulk Terminal and placed a bulk amount of pig iron in the back of a pickup truck. Mr. Gaskins advised this officer that he had the permission to obtain pig scrap iron from the owner of the land upon which the Cincinnati Bulk Terminal is located. However, no permission for such activity was ever obtained directly from the owners of the Cincinnati Bulk Terminal themselves.

On July 3, 2008, the Hamilton County Court of Common Pleas named Gaskins in a two count indictment under Docket #: B 080594-B. Count One of the indictment charged that on or about June 26, 2008, the offender obtained property belonging to the Cincinnati Bulk Terminal without permission of the owner, in violation of O.R.C. § 2913.02(A)(1). Count Two charged that on or about June 26, 2008, Gaskins entered or remained on the premises of another without privilege to do so, in violation of O.R.C. § 2911.21(A)(1). The above case was ordered remanded to the Hamilton County Municipal Court. On August 7, 2008, Gaskins is scheduled to appear before Judge Julia Stautberg in the Hamilton County Municipal Court on the above indictment for the purpose of a non-jury trial. The probation officer has verified that no warrant has been issued pursuant to the indictment as of this date.

U.S. Probation Officer Recommendation: This officer is concerned about Gaskins' recent arrest on Criminal Trespassing and Theft only a month before the expiration of his supervised release on July 25, 2008. It is respectfully recommended that Gaskins' supervised release time be tolled due to the above supervised release expiration date. This officer does not feel that the issuance of an arrest warrant is necessary at this time as the offender has reported as directed, maintained full-time employment, remained drug free, and is the sole support and caretaker for his five children.

The term of supervision should be
    [X]    Revoked.
    [ ]    Extended for years, for a total term of years.
    [ ]    Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
    [ ]    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 9, 2008**

**David Backman**
U.S. Probation Officer

Approved,

by

**John Cole**
Supervising U.S. Probation Officer
Date: **July 9, 2008**

PROB 12C
Rev 2/03

3

THE COURT ORDERS:

[ ]    No Action
[ ]    The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[X]    The Issuance of an Order to Appear and Show Cause as to why his supervised release should not be revoked and toll his supervised release time.
[ ]    The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[ ]    Other

_Susan J. Dlott_
Signature of Judicial Officer

_7/9/08_
Date